### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**ADRIAN GARNER**                                                                              **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:05CV-P264-S**

**ROBERT ARNOLD** *et al.*                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the plaintiff's motion to reconsider the Court's dismissal of the instant action (DN 11). The defendants filed a response (DN 12). For the reasons that follow, the motion will be denied.

### I.

Seeking damages under 42 U.S.C. § 1983 and state law, the plaintiff, by counsel, filed a complaint against the Louisville-Jefferson County Metro government and three Louisville-Jefferson County Metro Corrections Department ("Metro Corrections") officers in their individual capacities (DN 1). On initial review of the complaint, the Court dismissed the federal claims without prejudice pursuant to 42 U.S.C. § 1997e(a) and declined to exercise supplemental jurisdiction over the state law claims (DNs 9 & 10).

As to the federal claims, the Court determined,

> In the instant action, the plaintiff has wholly failed to meet his burden of pleading exhaustion of available administrative remedies as to any of the claims alleged. The Louisville-Jefferson County Metro Corrections Department has an inmate grievance procedure in place. *See* Policy 11.14 (referencing 3-ALDF-3E-11, 501 KAR 3:140, Sec. 6). Yet, the plaintiff has failed to attach any grievance to his complaint and has failed to allege that he grieved any of his claims. As the asserted claims may not be brought in federal court prior to complete exhaustion of available administrative remedies, the instant action must be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004) ("A dismissal under § 1997e should be without prejudice."), *cert. denied*, 125 S. Ct. 1639 (U.S. Mar. 21, 2005) (No. 04-784).

## **II.**

In the motion to reconsider, the plaintiff, who reports that he is no longer in custody, maintains that "he did in fact file grievances while he was still in custody at Metro Corrections." However, "the status of these grievances are unknown as [he] was transferred out of Metro Corrections and unable to follow-up on his complaints." He reports that following the alleged assault, he was transferred to the Lexington-Fayette County Corrections Department for his protection.

Because the plaintiff filed his motion to reconsider within ten days of the Court's Order of dismissal, the Court construes the motion as a Rule 59(e) motion to alter or amend.[1] "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rather, a Rule 59(e) motion "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

In the instant case, the plaintiff has offered nothing that would warrant alteration or amendment of the Court's dismissal. First, to the extent the plaintiff is claiming that the exhaustion requirement is somehow excused because he is no longer in custody, that argument fails as courts are to look at a plaintiff's status at the time the complaint is filed. *Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003) ("Because (1) plaintiff was a prisoner when he 'brought' his

---

[1] A Rule 59(e) motion "shall be filed no later than 10 days after entry of the judgment." The Court's judgment was entered on January 6, 2006, and the plaintiff filed his motion to reconsider on January 17, 2006. When computing any period of time prescribed by the Federal Rules of Civil Procedure, "the day of the act, event, or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a). Further, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." *Id.* Applying these rules, the tenth day fell on January 23, 2006.

suit, and (2) plaintiff's suit implicates 'prison conditions,' § 1997e(a) applies and plaintiff was required to exhaust any available administrative remedies before he filed suit."). As the plaintiff was a prisoner at the Lexington-Fayette County Corrections Department at the time he filed the complaint, exhaustion was required.

Second, the plaintiff still fails either to provide a copy of his grievances or to describe the process with specificity. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("[A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome."). For instance, he fails to explain how the transfer rendered the grievance mechanism unavailable as he does not indicate how long he was at Metro Corrections prior to his transfer to the Lexington facility. Additionally, he fails to indicate what issues he attempted to grieve at Metro Corrections and against which, if any, defendant. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003) ("[A] prisoner must administratively exhaust his or her claim as to each defendant associated with the claim.") (citing *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999)).

Third, whether the plaintiff's transfer would have rendered the Metro Corrections grievance process unavailable is irrelevant at this stage in the litigation because the plaintiff wholly failed to plead exhaustion in his complaint. Sixth Circuit case law is clear on this point. "[A] plaintiff, who fails to make a sufficient allegation of exhaustion in [his] initial complaint, [shall] not be allowed to amend his complaint to cure the defect." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement.").

Finally, "Rule 59(e) motions are aimed at *re* consideration, not initial consideration." *Harley-Davidson Motor Co. v. Bank of New England–Old Colony*, 897 F.2d 611, 616 (1st Cir. 1990). Thus, "[t]hese motions cannot be used to raise arguments which could, and should, have been made before judgment issued." *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

### III.

For the reasons set forth above, the plaintiff has failed to demonstrate a clear error of law, newly discovered evidence, an intervening change in controlling law, or any manifest injustice warranting an alteration or amendment of the Court's prior judgment. Accordingly,

**IT IS ORDERED** that the plaintiff's motion to alter or amend judgment (DN 11) is **DENIED**.

Date:

cc:     Counsel of Record
4411.005